# Lee Litigation Group, PLLC

148 West 24th Street, 8th Floor
New York, NY 10011
Tel: 212-465-1188
Fax: 212-465-1181
info@leelitigation.com

July 8, 2025

Writer's Direct:  212-465-1188
cklee@leelitigation.com

**Via ECF**
The Honorable Arun Subramanian, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street, Room 15A
New York, New York 10007

> Defendants should provide plaintiff with the requested information for a 10% sample of the alleged class. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 23.
>
> SO ORDERED.
>
> /s/ Arun Subramanian
>
> Arun Subramanian, U.S.D.J.
> Date: July 30, 2025

   Re: *Gallardo v. 530 Food Corp. et al*
     Case No. 1:25-cv-00201

Dear Judge Subramanian:

  We are counsel for Plaintiff in the above-referenced matter and write to request the Court's assistance with resolving a discovery dispute, pursuant to Your Honor's Individual Practices, §5B. On June 30, 2025, Plaintiff's lead trial counsel, C.K. Lee, met and conferred with Defendants' lead trial counsel, Lisa M. Casa, by telephone to address various discovery deficiencies. The meet and confer lasted for around twenty minutes. Although the parties were able to resolve some issues, several disputes remain unresolved and require judicial intervention.

  **1. Class Discovery**

  Defendants agreed to provide the class size by July 9, 2025.

  Should the class size exceed 100, Plaintiff proposed a 20% sampling of class members for the entire six-year period across the two (2) locations for payroll records, time records, and wage notices. Defendants rejected Plaintiff's proposal without providing any counter-proposal, and instead directed Plaintiff's counsel to "go to the Court".

  Courts in the Second Circuit have authorized the discovery of information regarding an employer's employees prior to conditional certification "in order to provide the court with sufficient information to determine whether certification is appropriate." *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 490 (S.D.N.Y. 2016) (quoting *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, No. 06 CV 6198, 2007 U.S. Dist. LEXIS 37642, 2007 WL 1521117, at *3 (S.D.N.Y. May 24, 2007)). *See Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 492 (S.D.N.Y. May 19, 2016) ("[P]roduction of wage-and-hour documents, tip records . . . [for all non-exempt employees in the six years prior to the complaint] would likely support findings of commonality, typicality, numerosity, that the class is identifiable and ascertainable, and that common questions predominate over any individual issues as required by Rule 23.").

  *See also Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982) ("[T]here can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied."); *Calabrese v. CSC Holdings, Inc.*, 2007 U.S. Dist. LEXIS 16059, at *20 (E.D.N.Y. 2007) (noting that before deciding whether to certify class, "district court is required to be sure that enough pre-certification discovery is provided so that it is satisfied that each Rule 23 requirement has been met").

### 2. Class Contact Information

Plaintiff has also requested contact information, e.g., name, address, email, mobile number of all prospective class members. This is appropriate because each of these individuals is a prospective witness. As seen by the below case law, the production of such information has been deemed to be proper in many cases in this circuit.

"[T]here is an abundance of case law from the Southern District of New York, over the last nine years, which has 'routinely allow[ed] plaintiffs to discover identifying information regarding potential class members . . . .'" *Strauch v. Comput. Scis. Corp.*, No. 3:14 Civ. 956, 2015 U.S. Dist. LEXIS 516, at *10 (D. Conn. Jan. 6, 2015) (collecting cases). In *Fei v. WestLB AG*, the court granted the plaintiff's motion to compel with respect to the names, positions, job titles, dates of employment, social security numbers, addresses, and telephone numbers of employees:

> "[C]onditional certification is not a prerequisite to the turnover of information concerning the identity of potential class members . . . ." (collecting cases). "Indeed, the information that [plaintiff] seeks obviously will be of considerable help to [plaintiff] in his efforts to define the class . . . ." 2008 U.S. Dist. LEXIS 33310, at *5-6 (S.D.N.Y. Apr. 23, 2008).

In *Whitehorn v. Wolfgang's Steakhouse, Inc.*, No. 09 CV 1148, 2010 U.S. Dist. LEXIS 58460, 2010 WL 2362981, at *2 (S.D.N.Y. June 14, 2010), the Court explained why pre-certification discovery of employee contact information in FLSA suits is often appropriate:

> "Given the Supreme Court's direction that the "broad remedial goal of the FLSA should be enforced to the full extent of its terms," pre-certification discovery is appropriate to enable Plaintiff to define the class and identify similarly situated employees. Pre-certification discovery of employee contact information will either enable Plaintiff to make a fuller showing at the conditional certification stage, or reveal that the collective action is not suitable for certification. Additionally, early access to this information may allow Plaintiff to move for conditional certification earlier and potentially permit putative class members to opt-in earlier. Encouraging early certification furthers the FLSA's broad remedial goal because the FLSA's limitations period continues to run until the potential class member opts in, giving rise to a need to identify and provide notice to potential class members promptly.

### 3. Class Size

Parties met and conferred regarding class size. Defendants agreed to provide the size of the class by July 9, 2025.

### 4. E-Discovery

Parties met and conferred regarding e-discovery. The parties agreed to run all search terms in the email accounts of the custodians identified in Defendants will produce a hit report, by July 9, 2025.

We thank the Court for its consideration of the above.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.